UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ahmed Zakee Abdullah, | Case No._____ |
| Plaintiff, | |
| v. | COMPLAINT |
| | JURY TRIAL DEMANDED UNDER FRCP 38(b) |
| Adam Lepinski in his individual capacity as an officer of the Minneapolis Police Department, Justin Young in his individual capacity as an officer of the Minneapolis Police and the City of Minneapolis, | |
| Defendants. | |

---

For his Complaint, Plaintiff Ahmed Abdullah ("Abdullah"), hereby states and alleges as follows:

1. This is a civil rights action in which Plaintiff Abdullah seeks relief for the violation of his rights secured by the United States Constitution.

2. The claims arise from a November 2, 2021, incident in which Officers of the Minneapolis Police Department, acting under color of state law, intentionally and willfully subjected plaintiff to an unreasonable search and seizure, in violation of his constitutional rights.

1

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

4. Abdullah brings this action pursuant to 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. §§ 1331 and 1342(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

5. Abdullah, a Black man whose date of birth is May 9, 1998, is and was at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

6. Defendants, Justin Young and Adam Lepinski ("Defendant Officers"), upon information and belief, at all times material herein, were both citizens of the United States and resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

7. Defendant City of Minneapolis is a municipality duly incorporated under the laws of the State of Minnesota.

8. On November 2, 2021, at approximately 11:00 a.m. , Abdullah was leaving a Subway restaurant in North Minneapolis when after getting into his vehicle, the Defendant Officers approached Mr. Abdullah's vehicles with their guns drawn. The Defendant Officers commanded Mr. Abdullah to remove himself from the vehicle and place his hands behind his head. Abdullah immediately complied with these commands, nevertheless the Defendant Officers continued to point their guns at Mr. Abdullah while they placed him in hand cuffs.

9. The Defendant Officers threatened Abdullah with deadly force even though the only crime that they suspected Abdullah committed was carrying an unlicensed firearm.

10. At all times during the events described above, the defendants were in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

11. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

12. Abdullah did not pose an immediate threat to the safety of any of the police officers or others at any time.

13. Abdullah did not attempt to evade arrest by flight and did not actively resist arrest.

14. In fact, Abdullah did not nothing to warrant the threatened use of deadly force by the officers who approached his vehicle and ultimately arrested him.

15. Plaintiff demands a jury trial as to all issues of fact herein.

## DAMAGES

16. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b. Violation of his right to Due Process of Law under the Fourteenth Amendments to the United States Constitution;

c. Violation of his Minnesota State Constitutional rights to be free from an unreasonable search and seizure;

d. Violation of his Minnesota State Constitutional rights under due process;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g. Loss of liberty.

## COUNTS ONE THROUGH FIVE
(42 USC § 1983)

17. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

18. The currently named Defendant Officers have each deprived plaintiff of his civil, constitutional, and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

19. By the actions described above, Defendant Officers, under the color of state law, each violated and deprived Abdullah of his clearly established and well-settled rights to be free from unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the Minnesota State Constitution. Defendant Officers' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution and the Minnesota State Constitution.

20. Defendant Officers each subjected Abdullah to this deprivation of rights either maliciously or acting with reckless disregard for whether plaintiff's rights would be violated by these actions. Defendant Officers failed to intervene in each other's obviously illegal actions.

21. As a direct and proximate result of the actions and omission of Defendants, Abdullah suffered serious injury, was forced to endure pain and mental suffering, humiliation and embarrassment and was thereby damaged in an amount yet to be determined but believed to be well in excess of One-Hundred Thousand Dollars ($100,000).

22. Punitive damages are available against Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

23. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

## COUNT SIX

### CIVIL RIGHTS VIOLATION
### BY DEFENDANT CITY OF MINNEAPOLIS

24. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

25. Defendant City of Minneapolis intentionally knowingly, recklessly, or with deliberate indifference to the rights of citizens, failed to supervise, instruct, and train, including through proper discipline, Defendant Officers to refrain from performing unreasonable searches and seizures, using excessive force, and other unconstitutional conduct described above.

26. Before November 2, 2021, Defendant City of Minneapolis, with deliverable indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, and ratified a custom, pattern, and practice on the part of its police personnel, including Defendant Officers of performing unreasonable and unconstitutional searches, seizures, using excessive force, and other unconstitutional conduct described above.

27. As of November 2, 2021, Defendant City of Minneapolis maintained a custom and practice of deliberate indifference to the performance of unreasonable seizures and unconstitutional searches, seizures, using excessive force, and other unconstitutional conduct described above by its officers. As a direct result of the acts and omissions, systemic flaws, policies and customs of Defendant City of Minneapolis, Abdullah suffered injuries, was forced to endure unnecessary pain mental suffering, and was

thereby damaged in an amount yet to be determined but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

28. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff Ahmed Zakee Abdullah, prays for judgment against Defendant Officers Justin Young, Adam Lepinski, and the City of Minneapolis.

Plaintiff demands judgement against defendants, jointly and severally, as follows:

1. As to Counts One through Six, a money judgment for compensatory damages in an amount in Excess of One Hundred Thousand ($100,000) Dollars and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest.
2. For such other and further relief as this Court deems just and equitable.

Dated: 1/16/2023

**MAGNA LAW FIRM**

By:/s/ Oliver E. Nelson III
Oliver E. Nelson, III #0389955
Attorney for Plaintiff
2915 Wayzata Boulevard
Minneapolis, Minnesota
(612) 767-1871